## Louisville Railway Company v. Smock.

(Decided January 20, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Verdict.—A verdict will not be disturbed unless it is palpably against the evidence, or so excessive as to warrant the conclusion that it was the result of passion or prejudice.

2. New Trial—When Mistake in Name of Juror Not Ground for.—The name of the juror being entered on the list as J. C. Cahlein, when his real name was J. C. Dahlen, is not ground for new trial although the defendant was misled by the mistake and would not have accepted the juror if he had known who he

was, but could have learned who he was by questioning him be-
fore accepting him ·on the panel.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE
for appellant.

A. SCOTT BULLITT, JAMES HEMPHILL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

On the first trial of this case there was a verdict and
judgment in favor of the plaintiff for $1,750.00. The
Railroad Company appealed and on the appeal a new
trial was awarded. The facts of the case are stated in
that opinion. (Louisville Ry. Co. v. Smock, 147 Ky.,
345.) On the return of the case to the circuit court it was
tried again, the trial resulting in a verdict and judgment
in favor of the plaintiff for $4,000.00. The defendant
appeals.

The instructions given by the court on the trial con-
form to the law of the case as laid down in the opinion
of this court on the former appeal. While the evidence
is conflicting we cannot say that the verdict is palpably
against the evidence or that it is so excessive as to war-
rants us in disturbing it on the ground that it was the re-
sult of passion or prejudice.

The chief ground relied on for reversal arises in this
way: The sheriff summoned a bystander to complete the
panel, it being the custom of the Jefferson Circuit Court
to impanel a new lot of jurors every two weeks, and it
being necesary to complete the panel by summoning a
bystander. The sheriff summoned a bystander whose
name was recorded on the list as J. C. Cahlein, and he
answered to this name for a number of days before he
was taken on the jury in question. The verdict in this
case was signed by eleven jurors, the jury not being
unanimous, and the juror referred to signed his name J.
C. Dahlen. The appellant then learned for the first time
who the juror was. It asked a new trial on the ground
that J. C. Dahlen was a saloon keeper in the western part
of the city; that in its defense to the action, it relied on
the fact that Smock had spent several hours in a saloon
just before he was hurt, and it undertook to show that
Smock was drunk and staggered in front of the car just
before it reached him. The defendant insists that if it
had known that the juror was a saloonkeeper, it would

not have accepted him on the jury, and that it was prevented from knowing that he was a saloonkeeper by his true name not being recorded on the list; that it examined the city directory and not finding his name in the directory, accepted him on the jury without further investigation, and it would not have done this if it had known he was a saloonkeeper. But when the defendant did not find the juror's name in the city directory, the exercise of ordinary care required that it should ask the juror about his occupation, or find out from him in some manner who he was. Having failed to do this, and not being misled by the juror or by the plaintiff, the mistake is no ground for new trial. To grant a new trial for such a mistake as this, due primarily to the defendant's failing to inform itself when it could have done so by asking the juror a few questions would be to establish a rule under which there would be no certainty in jury trials.

Judgment affirmed.